On October 30,1975 the court issued the following order:
Before Davis, Presiding Judge, SkeltoN and Ktjnzig, Judges.
“In this Wunderlich Act review case, plaintiff Jack Pi-coult was prime contractor on a United States Government contract for the improvement and repair of a Post Office in Newark, New Jersey, at a cost in excess of $2.5 million. During the course of the work, the contracting officer issued a change order which affected the air conditioning and sheet metal portion of the job. Plaintiff’s mechanical subcon *1053 tractor, Hudik-Eoss, Inc., handled the air conditioning work, and referred the sheet metal work to a second-tier subcontractor, Hershman Sheet Metal Works, Inc. Hudik-Eoss had to provide three of its own personnel to supervise the sheet metal work performed by Hershman. Under the terms of the Government contract, subcontractors were entitled to ten percent allowances for overhead and ten percent for profit, with the prime contractor getting another ten percent as commission on work done by personnel other than his own. This arrangement is known as the ‘3 10’s.’ Hershman and Picoult were paid accordingly, but Hudik-Eoss received no reimbursement for the work of its supervisory personnel. Through the plaintiff, Hudik-Eoss petitioned the contracting officer for reimbursement, and failing there, appealed to the General Services Administration Board of Contract Appeals. Having been denied by the Board, plaintiff now sues in this court seeking the reimbursement for Hudik-Eoss. The case is before us on cross-motions for summary judgment.
“The issue here is one of contract interpretation. The contract specifically provided, in Section 1-23 (‘Changes’) that ‘allowable overhead, profit and commission percentages [i.e., a maximum of 10% on each] * * * shall include * * * field and office supervisors and assistants.’ The personnel provided by Hudik-Eoss were of that type. Hence, the costs involved in paying them are ‘overhead,’ and not direct costs, which would be reimbursable under the ‘Changes’ article. There is no ambiguity in the contract; the cited portions clearly cover the dispute here. The contract did not provide for any supervisory compensation beyond the ‘3 10’s’ which have already been paid.
“For the foregoing reasons, it is ordered that the defendant’s cross-motion for summary judgment is granted. Plaintiff’s motion for summary judgment is denied, and the petition is dismissed.”